**Lester J. ALBRECHT, Plaintiff,**

v.

**The HERALD CO., d/b/a Globe-Democrat Publishing Company, Defendant.**

**No. 64 C 302(2).**

United States District Court, E. D. Missouri, E. D.

Dec. 29, 1970.

---

**100**

Mortimer A. Rosecan, St. Louis, Mo., and Gray L. Dorsey, Chesterfield, Mo., for plaintiff.

Lon Hocker, Hocker, Goodwin & MacGreevy, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This matter is pending on motion of the defendant for a new trial or for a judgment notwithstanding the verdict, and on motion of the plaintiff for the allowance of attorney's fees. The motion for a new trial will be overruled. The motion for judgment notwithstanding the verdict will be partially granted.

The jury returned a verdict on Item No. 1 in the sum of $2,000.00, for loss of profits sustained by plaintiff between the end of May and October 31, 1964; on Item No. 2 the difference between the amount plaintiff actually received from the sale of newspaper route 99 and the fair market value thereof at the sum of $12,000.00; and Item No. 3 the present value of the loss of net profits after October 31, 1964, at the sum of $57,000.00.

Taking the evidence at its best for the plaintiff on the record, the record shows that the loss of profits on Item No. 1 from June 1 to October 31, 1964, was $1,313.00. Accordingly, the judgment of the jury on Item No. 1 will be reduced from $2,000.00 to $1,313.00.

On Item No. 2 the jury returned a permissible verdict insofar as this item is concerned. The plaintiff paid $11,000 for the route and sold it for $12,000 on October 31, 1964. The testimony indicated plaintiff could have sold the route for $24,000. The evidence shows that what plaintiff sold was a truck valued by defendant at $500.00 and a wrapping machine valued by defendant at less than $100.00, and both valued by the purchaser of the route at $400.00. Additionally, plaintiff sold his list of customers. Accordingly, the intrinsic value of the route, of necessity, must have included the value of future profits.

On Item No. 3 the evidence further shows that insofar as the route was concerned, it was a job for Albrecht out of which he and his wife both working during the year 1964 could have earned the sum of $9,210.00 (this figure was an average earning figure based on projected sales and average overhead), which included earnings of $1,164.00 from a neighborhood paper not involved in the cancellation of the Globe-Democrat

route. Taking plaintiff's evidence at its best, the loss of earnings for 1964 was $3,201.00 less the amount awarded in Item No. 1 of $1,313.00, or a net loss in 1964 of $1,888.00. The net loss in 1964 was $6,191.00; in 1966, the net loss was $6,689.00. The evidence shows that the plaintiff went to work for Woodlawn Dairy in November of 1966 and continued to work there up to the date of the trial, at an annual salary of $7,165.00. This is an equivalent position and the earnings are equivalent to what plaintiff was making on his paper route without the earnings of his wife. There is no substantial evidence in the record that the plaintiff will not continue to work at Woodlawn Dairy indefinitely or that he will not find another job equivalent to his earnings on the paper route. It may very well be argued that all of Item No. 3 should be deleted for the reason that it is included in the sale price of the paper route, but giving the plaintiff the benefit of all reasonable doubts, Item No. 3 will be reduced from the sum of $57,000.00 to the total of plaintiff's losses during the years 1964, 1965, and 1966, which is $14,768.00.

This will make a judgment of Item No. 1, $1,313.00; Item No. 2, $12,000.-00; and Item No. 3, $14,768.00; or a total judgment of $28,081.00, which must be trebled according to law, for a total of $84,243.00.

### Attorney's Fees

Plaintiff has asked the Court for attorney's fees in the sum of $97,-310.00. In considering the amount of the attorney's fees, the Court, of necessity, must take into consideration the final award to which the plaintiff is entitled, the complexity of the litigation, the time spent in obtaining the award, and other relevant factors. The Court has considered all of the foregoing and the fact that this case has gone to the Supreme Court and the other proceedings involved in obtaining and holding this judgment. Accordingly, the Court will allow the sum of $50,000.00 attorney's fees.